**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 04 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS VALLADARES, | No. 11-56905 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-00441-R-PJW |
| v. | |
| SUSAN HUBBARD, Warden, | MEMORANDUM[*] |
| Defendant, | |
| and | |
| S. ZAMORA; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted December 19, 2012[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

California state prisoner Carlos Valladares appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment because Valladares failed to establish a genuine dispute of material fact as to whether defendants consciously disregarded Valladares's medical needs after he broke his toe in a slip and fall accident in his cell. *See id.* at 1057 (discussing objective and subjective elements of deliberate indifference claim). Moreover, neither a short delay in treatment that did not result in further injury, nor Valladares's disagreement with defendants' medical judgment or course of treatment, constitutes deliberate indifference. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (to establish deliberate indifference based on a delay in treatment, there must be proof that it resulted in further significant injury or the wanton infliction of pain); *Toguchi*, 391 F.3d at 1059-60 (difference of opinion concerning the appropriate course of treatment does not amount to deliberate indifference).

We do not consider Valladares's contentions regarding defendant Zamora's partial denial of his prison grievance arising out of his medical condition because

11-56905

Valladares failed to raise this issue before the district court.  *See Greger v.*

*Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006).

**AFFIRMED.**